UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHAWN SOUTHERLAND and CAROL
VICKERS,

                Plaintiffs,

- against -

DETECTIVE RICK GARCIA; DETECTIVE
PETER CASTRO; and THE CITY OF NEW
YORK,

                Defendants.

------------------------------------------------------------X

**ORDER**
**09 CV 2230 (JBW)(LB)**

**BLOOM, United States Magistrate Judge:**

The Court held an initial pretrial conference pursuant to Fed. R. Civ. P. 16 on January 27, 2010,[1] and directed defendants' counsel to provide plaintiffs with initial disclosures by February 5, 2010. The Court set April 30, 2010 as the deadline for the parties to complete all discovery. Any request to amend the complaint, including any request to join other parties, shall be made by February 26, 2010. Fed. R. Civ. P. 16(b)(3)(A).

Discovery is the process by which the parties request information from each other regarding their claims or defenses. Each party bears its own costs of conducting discovery. Discovery requests are not made to the Court. Discovery is governed by Rules 26 through 37 of the Federal Rules of Civil Procedure and is conducted between the parties without the Court's involvement. Pursuant to Fed. R. Civ. P. 33 and 34, plaintiffs may request, in writing, answers to questions and documents from defendants' attorney. The more specific the request, the more likely the information will be produced. Generally, parties must respond to discovery requests in writing within thirty (30) days. Since April 30, 2010 is the deadline for the *completion* of all discovery, requests to the opposing party must be served at least thirty (30) days before that

---

[1] Carol Vickers appeared in person and Shawn Southerland participated by telephone.

deadline. Plaintiffs should always keep a copy of all requests and responses sent to defendants; plaintiffs should never send an original document, only a copy. Fed. R. Civ. P. 5(d) prohibits litigants from filing discovery materials in the Court.

The parties may conduct depositions upon oral examination pursuant to Fed. R. Civ. P. 30. An oral deposition is a seven (7) hour question-and-answer session in which the person being deposed testifies under oath or affirmation. The deposition in its entirety, both the questions and answers, are transcribed by the court reporter and may be used in the litigation. If a party receives written notice to appear for a deposition but is unable to appear at the date and time stated in the notice, that party shall promptly contact the opposing party to request that the deposition be rescheduled for another date. If plaintiffs wish to conduct one or more depositions but cannot afford to hire a court reporter to administer the required oath and record the deponent's testimony, see Fed. R. Civ. P. 28 and 30(c), plaintiffs may conduct depositions upon written questions pursuant to Fed. R. Civ. P. 31. Each party bears their own costs of conducting discovery. The Court hereby grants defendants permission to depose plaintiff Southerland pursuant to Fed. R. Civ. P. 30(a)(2).

Before requesting the Court's assistance regarding a discovery dispute, the parties must make a good faith effort to resolve the dispute with one another. See Fed. R. Civ. P. 26(c); Local Civil Rule 37.3. For example, if plaintiffs have requested materials and defendants have not responded within thirty days, plaintiffs must make a good faith effort to resolve the issue with defendants' counsel before seeking the Court's intervention.

Defendants shall contact Judge Weinstein to request a pre-motion conference by May 31, 2010 if they intend to move for summary judgment.

SO ORDERED.

/Signed by Judge Lois Bloom/
_____
LOIS BLOOM
United States Magistrate Judge

Dated: January 28, 2010
      Brooklyn, New York