UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

SHAWN SOUTHERLAND and
CAROL VICKERS,

                Plaintiffs,

- against -

DETECTIVE RICK GARCIA; DETECTIVE
PETER CASTRO; and THE CITY OF NEW
YORK,

                Defendants.

------------------------------------------------------------X

**ORDER**
**09 CV 2230 (JBW)(LB)**

**BLOOM, United States Magistrate Judge:**

Plaintiffs, Shawn Southerland, who is incarcerated, and Carol Vickers, his aunt, bring this *pro se* action alleging that on April 8, 2007, defendants illegally searched Vickers' apartment and seized her car in violation of the plaintiffs' Fourth Amendment rights under 42 U.S.C. § 1983.[1] By Order dated January 27, 2010 the Court stated that "[a]ny request to amend the complaint, including any request to join other parties, shall be made by February 26, 2010." See document 38. By letter dated February 10, 2010, plaintiffs moved to amend the complaint and requested an extension of the February 26 deadline for filing a second amended complaint. See document 40. The Court denied plaintiffs' motion to amend without prejudice because Southerland failed to attach a proposed amended complaint. See document 43. In the same Order, the Court granted plaintiffs until March 12, 2010 to file a motion to amend and directed plaintiffs that any such motion must attach a proposed amended complaint. Id. The Court subsequently extended the

---

[1] Southerland was the sole plaintiff named in the initial complaint filed on May 21, 2009. See document 1. The Verified Amended Complaint filed on July 20, 2009 added Vickers as a plaintiff in the action. See document 7.

filing deadline until March 25, 2010. See document 47.

On March 16, 2010 plaintiffs filed their motion to amend and attached a proposed second amended complaint.² See documents 45 - 46. In the proposed second amended complaint, plaintiffs appear to name the Bronx County District Attorney's Office as a defendant, even though it is not listed in the caption of the pleading. See document 46. Plaintiffs also seek to add claims for 1) false arrest, 2) false imprisonment and 3) malicious prosecution. Id. Defendants oppose plaintiffs' motion to amend. See document 48.

Rule 15(a) of the Federal Rules of Civil Procedure instructs that leave to amend should be "freely give[n] ... when justice so requires." Fed. R. Civ. P. 15(a). The Court may deny a motion to amend for reasons such as "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." Ruotolo v. City of New York, 514 F.3d 184, 191 (2d Cir. 2008) (quoting Foman v. Davis, 371 U.S. 178 (1962)). Plaintiffs' proposed second amended complaint alleges that "[t]he Bronx District Attorneys [sic] Office failed in their investigative capacity as prosecutors which resulted in the false arrest, malicious prosecution, and false imprisonment of plaintiff Southerland." See document 46 at 2. Plaintiffs also allege that the Bronx County District Attorney's Office "acted beyond their scope of authority as a city agency" and "acted without jurisdiction to initiate prosecution against plaintiff Southerland." See document 46 at 7. To the extent plaintiffs seek to assert claims against the Bronx County District Attorney's Office, such claims cannot go forward. Any purported claim against the Bronx County District Attorney's Office would be

---

² As plaintiffs' action has been referred to me for all pretrial supervision, Local Civil Rule 72.2, I can decide plaintiffs' instant motion to amend their complaint. See Fielding v. Tollaksen, 510 F.3d 175, 178 (2d Cir. 2007) ("a district judge may refer nondispositive motions, such as a motion to amend the complaint, to a magistrate judge for decision without the parties' consent").

futile because the district attorney's office is not an entity that can be sued under § 1983. See Griffith v. Sadri, No. 07-CV-4824, 2009 WL 2524961, at *8 (E.D.N.Y. Aug. 14, 2009) (denying motion to amend to add Kings County District Attorney's Office as futile); Michels v. Greenwood Lake Police Dept., 387 F.Supp.2d 361, 367 (S.D.N.Y. 2005).

Even if plaintiffs had named a John Doe from the Bronx County District Attorney's Office, plaintiffs' allegations in the proposed second amended complaint would fail to state a claim that is plausible. A complaint must plead "enough facts to state a claim to relief that is plausible on its face." See Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). The allegation that the Bronx County District Attorney's Office "failed in their investigative capacity" is conclusory and fails to plead sufficient facts to state a claim against any individual at the Bronx County District Attorney's Office.

As to plaintiffs' claims of false arrest, false imprisonment, and malicious prosecution against Detective Garcia, Detective Castro, and the City of New York, the Court grants plaintiffs' motion to amend. Liberally construed, plaintiffs' second amended complaint sets forth facts to allow these claims to proceed at this juncture. In the second amended complaint, Southerland acknowledges he was arrested pursuant to a warrant and prosecuted pursuant to an indictment. See document 46 at 4. However, he alleges there was no probable cause for his arrest and prosecution because "[d]efendants Castro and Garcia, had not made a complete and full statement of facts either to Grand Jury or to the District Attorney, that they have misrepresented or falsified evidence, that they have withheld evidence and acted in bad faith." Id. at 8. While probable cause defeats a claim for both false arrest and malicious prosecution, and the existence

of an arrest warrant and grand jury indictment create a presumption of probable cause, plaintiffs' allegations regarding the detectives' misconduct could rebut this presumption. See Rothstein v. Carriere, 373 F.3d 275, 283 (2d Cir. 2004) (an indictment's presumption of probable cause can be rebutted only by a showing of "fraud, perjury, the suppression of evidence or other police conduct undertaken in bad faith"); Singer v. Fulton County Sheriff, 63 F.3d 110, 118 (2d Cir. 1995); Martinetti v. Town of New Hartford Police Department, 112 F. Supp. 2d 251, 252-53 (N.D.N.Y 2000); Artis v. Liotard, 934 F. Supp. 101, 103 (S.D.N.Y. 1996) (a warrant's presumption of probable cause is "rebuttable only though proof of fraud, perjury or the misrepresentation or falsification of evidence").

Accordingly, plaintiffs' motion to amend is granted in part and denied in part. The Clerk of Court shall file plaintiffs' proposed second amended complaint. The named defendants, except for the Bronx County District Attorney's Office, shall respond to the second amended complaint by May 28, 2010. Defendants shall respond to the amended complaint as they deem appropriate.[3] Defendants' motion to stay discovery pending the resolution of plaintiffs' motion to amend is denied as moot. However, the Court will consider any request to extend the discovery deadline once defendants respond to the second amended complaint.

SO ORDERED.

S/ Judge Bloom
LOIS BLOOM
United States Magistrate Judge

Dated: May 5, 2010
Brooklyn, New York

---

[3] They are not precluded from moving against the second amended complaint should they be so advised. Any such motion in lieu of an answer should be addressed to Judge Weinstein and filed pursuant to his rules.